IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-23-940-D |
| STATE OF OKLAHOMA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### **ORDER**

The Court referred this case to United States Magistrate Judge Shon T. Erwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Judge Erwin conducted a review of the Complaint pursuant to 28 U.S.C. § 1915A(a) and, on October 30, 2023, issued a Report and Recommendation (in citations, the "R&R") in which he recommended that this action be dismissed without prejudice. *See* R&R [Doc. No. 8]. Judge Erwin advised Plaintiff of his right to object to the Report and Recommendation and that any objection had to be filed by November 16, 2023. *Id.* at 6-7.

On November 20, 2023, after Plaintiff failed to file any objections by the November 16th deadline, the Court adopted the Report and Recommendation in its entirety and dismissed this action without prejudice to refiling. *See* 11/20/2023 Order [Doc. No. 9]. The Court entered judgment that same day. *See* Judgment [Doc. No. 10].

On November 29, 2023, Plaintiff filed a letter stating he mailed his objections to the Report and Recommendation "way before" the November 16th deadline, but that the envelope was sent back. *See* 11/29/2023 Letter [Doc. No. 11]. The postage on Plaintiff's

envelope indicates that Plaintiff mailed his objections on November 9th. The Court Clerk ultimately received Plaintiff's objections on December 1, 2023, but it is unclear from the envelope when Plaintiff mailed them. *See* Pl.'s Objs. [Doc. No. 12]; *see also* Envelope [Doc. No. 12-3].[1]  Out of an abundance of caution, and giving Plaintiff's *pro se* papers a liberal construction, the Court will consider Plaintiff's untimely objections (as well as his numerous letters) as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).

The grounds for granting relief under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F.3d at 1012. However, a court also has broad equitable authority under Rule 59(e), which "invests the district court with the power to amend the judgment for any reason." *See Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1313 (10th Cir. 2000); *see also Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

Upon consideration of Plaintiff's *pro se* motion and his objections to Judge Erwin's Report and Recommendation, the Court finds insufficient reason to disturb the November 20, 2023 Order and Judgment in this case. Assuming Plaintiff was prevented from filing

---

[1] Plaintiff followed up his untimely objections with two letters—one on February 1, 2024 [Doc. No. 13] and one on April 19, 2024 [Doc. No. 14]—asking the Court to consider his objections, as well as inquiring as to the status of his case and potential next steps.

timely objections by circumstances beyond his control and thus did not waive further judicial review, the Court finds that a *de novo* determination of the issues raised by Plaintiff's objections would not affect the disposition of this case.

In the Report and Recommendation, Judge Erwin first recommended that the Court dismiss Plaintiff's claims against the Oklahoma County Board of Commissioners because he "alleged no custom or policy attributable to the Board of County Commissioners which caused the alleged constitutional deprivations." R&R at 5-6; *see also Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769–71 (10th Cir. 2013) (setting forth and discussing elements of a municipal-liability claim). Next, Judge Erwin recommended that the Court dismiss Plaintiff's claims against the State of Oklahoma because the State "enjoys immunity from suit in federal court under the Eleventh Amendment." R&R at 6.

Even liberally construing Plaintiff's objections, he in no way addresses either of the deficiencies identified by Judge Erwin in the Report and Recommendation. Therefore, upon *de novo* review of the Complaint in light of Plaintiff's objections, the Court fully concurs in Judge Erwin's analysis. Plaintiff fails to allege a custom or policy attributable to the Board of County Commissioners which caused the alleged constitutional deprivations. *See Schneider*, 717 F.3d at 769-71. Additionally, the State of Oklahoma enjoys immunity from suit under the Eleventh Amendment. As noted, Plaintiff's objections address neither issue. The Court therefore finds, as did Judge Erwin, that the Complaint fails to state a claim upon which relief can be granted and that the action should be dismissed without prejudice.

In sum, Plaintiff fails to address the shortcomings set forth by Judge Erwin in the Report and Recommendation.[2] Although untimely submitted, the Court has reviewed Plaintiff's objections and, having conducted a *de novo* review, concludes that nothing in the objections changes the Court's adoption of Judge Erwin's Report and Recommendation and subsequent Judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's untimely objections, treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), are **DENIED**.

**IT IS SO ORDERED** this 14th day of June, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] To the extent Plaintiff attempts to introduce new arguments in his objection, the Court notes that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).